Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| KENNETH J. SEDA COLLAZO; LIDELIS MAYA RODRÍGUEZ<br><br>Recurrida<br><br>v.<br><br>HOSPITAL DE LA CONCEPCIÓN Y OTROS<br><br>Demandados<br><br>**DRA. VIANCA ENID RÍOS MUÑOZ**<br><br>Peticionaria | KLCE202500566 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de MAYAGÜEZ<br><br>Caso Núm.:<br>SB2024CV00115<br><br>Sobre:<br>Daños y Perjuicios (Impericia Médica) |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

El 27 de mayo de 2025, la Dra. Vianca Enid Ríos Muñoz (en adelante, doctora Ríos o la peticionaria) compareció ante este Tribunal de Apelaciones mediante un *Recurso de Certiorari* en la que nos solicita la revisión de una *Resolución* emitida en el caso de epígrafe por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante TPI o foro primario) con fecha de 28 de abril de 2025.[1] Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Moción de Sentencia Sumaria Solicitando Desestimación por Prescripción* presentada por la doctora Ríos. En consecuencia, resolvió que la *Demanda* presentada en su contra no estaba prescrita y ordenó la continuación de los procedimientos.

Luego de evaluar el legajo apelativo, expedimos el auto de *certiorari* y **revocamos** la determinación impugnada.

---

[1] Tal determinación fue notificada el 1 de mayo del año en curso.

Número Identificador

SEN2025 _____

I.

El 3 de septiembre de 2024, el Sr. Kenneth Seda Collazo (en adelante, señor Seda) y, su esposa, la Sra. Lideliss Maya Rodríguez (en adelante, señora Maya) (en conjunto, parte recurrida) presentaron una *Demanda* sobre responsabilidad por impericia médica y hospitalaria en contra del Hospital La Concepción (Hospital), Chubb Insurance Company of Puerto Rico[2] (Chubb), el Dr. Kalil Maloff Saied (doctor Maloff), la doctora Ríos, compañías aseguradoras y otros. Allí, alegaron que el 7 de octubre de 2022, aproximadamente a las 10:00 pm, la señora Maya llevó al señor Seda a la sala de emergencias del Hospital La Concepción, toda vez que este presentaba dolor agudo y severo en el lado izquierdo del pecho y el cuello, tenía fiebre y casi no podía moverse del dolor. Además, se quejaba de dificultad para respirar.

Conforme arguyeron, el señor Seda fue atendido por la doctora Ríos quien ordenó laboratorios y una placa de pecho. Sostuvieron que la peticionaria se limitó a indicar que este tenía un dolor atípico de pecho. Añadieron que la placa de pecho reflejó que este tenía un *left pleural effusion*. No obstante, esbozaron que fue dado de alta al día siguiente por el doctor Maloff, quien le comunicó que el dolor era muscular, la fiebre no tenía relación con el dolor y que los análisis reflejaban valores desproporcionados en las enzimas hepáticas porque tenía hígado graso. Respecto a la placa de pecho, le informaron que no reflejaba nada.

La parte recurrida adujo que el 12 de octubre de 2023[3], el señor Seda Collazo tuvo que ser nuevamente hospitalizado de emergencia en el Hospital Perea pues continuó experimentando severos dolores. Indicó que, lo diagnosticaron con empiema pulmonar y que, debido a la gravedad de la infección en el pulmón izquierdo, se le afectaron otros órganos y tejidos

---

[2] Póliza que ofrecía cubierta al Hospital La Concepción.
[3] Entendemos la fecha correcta es 12 de octubre de 2022.

del cuerpo. Según resaltó, el señor Seda tuvo que ser operado de emergencia, realizándosele una toracotomía y remoción de una costilla, lo que resultó en un sinnúmero de daños físicos. En lo pertinente, señaló que la doctora Ríos y el doctor Maloff no realizaron un historial médico completo y adecuado para administrar el tratamiento correspondiente. Señaló que, la peticionaria y el doctor Maloff le dieron de alta a pesar de los resultados de la placa de pecho y los laboratorios. Ello sin realizar un esfuerzo para examinar e indagar los síntomas que presentaba el paciente. Por ello, razonó que, la doctora Ríos y el doctor Maloff eran responsables por sus actos u omisiones culposas, negligentes y constitutivas de impericia médica, por lo que respondían solidariamente.

Respecto a la interrupción del plazo prescriptivo, la parte recurrida planteó en su *Demanda* que, el 5 de septiembre de 2023, cursó una reclamación extrajudicial escrita al Hospital La Concepción y al doctor Maloff y, que dicha reclamación extrajudicial tuvo el efecto de interrumpir el plazo prescriptivo en contra de la doctora Ríos, puesto que entre estos existió una solidaridad perfecta. En alternativa, esgrimió que los actos u omisiones negligentes de la peticionaria fueron conocidos el 25 de agosto de 2024, luego de que se obtuvo un informe pericial que así lo estableció. Apuntó que, no bastaba con conocer el daño, sino quién lo causó y contra quién se podía dirigir la causa de acción. Por todo lo anterior, solicitó una cuantía por daños físicos pérdidas económicas y daños patrimoniales, daños emocionales y angustias mentales y daños morales.

Así las cosas, el 7 de noviembre de 2024, la peticionaria presentó una *Moción en Sentencia Sumaria Solicitando Desestimación por Prescripción*. En esencia, manifestó que, el término prescriptivo para presentar la reclamación en su contra había vencido sin que hubiese mediado reclamación extrajudicial alguna dirigida a ella que lo interrumpiera. Señaló que, por esta razón, la *Demanda* en su contra estaba prescrita. Así

pues, aclaró que nunca conoció de la reclamación hasta que fue notificada de la *Demanda* en su contra el 3 de septiembre de 2024. En virtud de lo anterior, solicitó la desestimación de la *Demanda* en su contra y la imposición de honorarios de abogado.[4]

En atención a este escrito, el 2 diciembre de 2024, el foro primario le concedió a la parte recurrida diez (10) días para oponerse a la moción solicitando desestimación por prescripción. En cumplimiento con lo anterior, el 16 de diciembre de 2024, la parte recurrida presentó su *Oposición a Moción de Sentencia Sumaria Solicitando Desestimación por Prescripción*. En primer lugar, expuso que la moción presentada por la doctora Ríos no cumplía con la Regla 36 de Procedimiento Civil, *supra*, por lo que procedía acogerlo como una moción de desestimación. Asimismo, señaló que, el 26 de noviembre de 2024, el foro primario emitió una *Orden* en la cual autorizó enmendar la *Demanda* para incluir a la compañía South West Emergency Corp., patrono de la doctora Ríos.

Igualmente, reiteró que, a pesar de que se conocía la identidad de la peticionaria como médico suplido por el Hospital para atender al señor Seda, no fue hasta que se recibió el informe pericial el 25 de agosto de 2024, que obtuvo información relativa a los actos u omisiones negligentes por parte de esta. Enfatizó que, sin dicho informe pericial no se podía presentar una reclamación judicial.

De otra parte, expuso que existía una relación jurídica entre la doctora Ríos y el Hospital, por lo que la interrupción oportuna en contra de este último tuvo el efecto de interrumpir el término en contra de la doctora Ríos. Finalmente, manifestó que, la reclamación extrajudicial que se remitió el 5 de septiembre de 2023 se envió únicamente al doctor Maloff, al Hospital

---

[4] La doctora Ríos acompañó la *Moción en Sentencia Sumaria Solicitando Desestimación por Prescripción* de una declaración jurada en la cual expresó que evaluó al señor Seda en la sala de emergencias del Hospital La Concepción el día 7 de octubre de 2022, a las 8:04pm. Luego entregó el paciente al doctor Maloff, debido a que culminó su turno de trabajo a las 10:00 pm.

y a Chubb, puesto que la prueba científica disponible hasta el momento apuntaba a la impericia médica de estos.

Luego de examinar los argumentos presentados por las partes, el 28 de abril de 2025, el foro primario emitió el dictamen recurrido. Allí, entre otras cosas, determinó que la causa de acción en contra de la peticionaria no estaba prescrita. A su vez, dictaminó que el caso justificaba la concesión de un remedio a favor de la parte recurrida, de lograr probarse sus alegaciones. Particularmente, el TPI determinó que el término prescriptivo comenzó a transcurrir el 25 de agosto de 2024. Sostuvo que, a pesar de que el recurrido conocía la identidad de la peticionaria, como la doctora que lo atendió en la sala de emergencia el 7 de octubre de 2022, no fue hasta el 25 de agosto de 2024, cuando recibió el informe pericial del Dr. Ángel Galera Santiago que advino en conocimiento de información relacionada a los actos y omisiones negligentes por parte de la doctora Ríos.

Por otra parte, resolvió que, conforme a la teoría cognoscitiva del daño, imputar a la parte recurrida que el término prescriptivo para incoar la acción en daños comenzó a transcurrir desde el momento en que se realizó un mal diagnóstico, equivalía a imputar al señor Seda la pericia médica necesaria para evaluar la ejecución de un médico. Sostuvo que la teoría cognoscitiva del daño disponía que la causa de acción surgía desde el momento en que el perjudicado descubrió o pudo descubrir el daño y quién lo causó. Por ello, concluyó que, la parte recurrida actuó diligentemente y presentó la *Demanda* en contra de la doctora Ríos dentro del año siguiente a conocer que esta era una de los médicos que se apartó de la buena práctica de la medicina y, por consiguiente, le causó daños.

Inconforme aún, el 27 de mayo de 2025, la doctora Ríos acudió ante nos a través del recurso de epígrafe, en el que señaló la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al declarar no ha
> lugar la moción de sentencia sumaria por prescripción presentada.

Atendido el recurso, el 3 de junio de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término de diez (10) días para presentar su oposición. Conforme ordenado, el 17 de junio de 2025, la parte recurrida presentó su *Moción en Cumplimiento de Orden y en Oposición a Expedición de Auto de Certiorari*.[5]

Así, con el beneficio de la comparecencia de todas las partes, procedemos a resolver la controversia.

II.

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra*, a la pág. 207-208. La mencionada Regla dispone que solo se

---

[5] Southwest Emergency, Corp., no se expresó en cuanto al recurso. No obstante, el 27 de junio de 2025, presentó *Réplica a Moción en Cumplimiento de Orden* en la que riposta los argumentos levantados por la parte recurrida. Este escrito se da por no presentado, **ordenándose su desglose**.

expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que

causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. De Caguas v. JRO Construction, *supra*.


*B.*

La figura jurídica de la prescripción extintiva está regulada actualmente por el Artículo 1189 del Código Civil de Puerto Rico de 2020, 31 LPRA Sec. 8481. Este, dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley." Cónsono con lo anterior, el Art. 1536 del Código Civil de 2020, expresa que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". 31 LPRA sec. 10801. Por otro lado, el Art. 1204 del Código Civil 2020, indica que, prescribe por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. 31 LPRA sec. 9496.

No obstante, la prescripción de las acciones puede interrumpirse: (a) mediante el ejercicio de la acción ante los tribunales; (2) **la reclamación extrajudicial** o (3) cualquier acto o reconocimiento de la obligación por parte del deudor.[6] Una vez ocurre la interrupción, el término prescriptivo comienza nuevamente a transcurrir. Nevárez Agosto v. United Surety et al., *supra,* al citar a SLG García-Villega v. ELA et al., 190 DPR 799, 815 (2014). Para que la segunda instancia antes mencionada, o sea la reclamación extrajudicial, surta un efecto interruptor, debe ser una manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. Meléndez Guzmán v. Berríos López, 172 DPR 1010, 1029 (2008). (Énfasis nuestro)

---

[6] Ross Vadelon v. Hospital Dr. Susoni Health Community Services, Corp., 213 DPR 481 (2023), al citar a Nevárez Agosto v. United Surety et al., 209 DPR 346, 356 (2022). Véase también 31 LPRA Sec. 9489.

De otra parte, es importante señalar que en nuestro ordenamiento jurídico se ha reconocido la teoría cognoscitiva del daño, conforme a la cual, un término prescriptivo comienza a transcurrir una vez el perjudicado conoció o debió conocer que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción. Maldonado Rivera v. Suárez y otros, 195 DPR 182 (2016). Igual de transcendental es destacar que quien tenga una causa de acción por daños y perjuicios, deberá interrumpir la prescripción en relación con cada uno de los causantes del daño por separado. *Íd.* **Es decir, la presentación oportuna de una demanda contra un presunto cocausante, no interrumpe el término prescriptivo contra el resto de los alegados cocausantes. Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 DPR 365, 389 (2012). No obstante, el desconocimiento que impide ejercer la causa de acción no puede ser producto de la falta de diligencia del reclamante. Fraguada Bonilla v. Hosp. Aux. Mutuo,** *supra.* (Énfasis nuestro)

*C.*

La Regla 10.2 de Procedimiento Civil permite que una parte contra la cual se instó una reclamación presente una moción de desestimación por falta de jurisdicción sobre la materia, falta de jurisdicción sobre la persona; insuficiencia del emplazamiento; insuficiencia del diligenciamiento del emplazamiento; dejar de exponer una reclamación que justifique la concesión de un remedio o (dejar de acumular una parte indispensable. Blasinno Alvarado v. Reyes Blassino, 2024 TSPR 93, al citar a Cobra Acquisitions v. Mun. Yabucoa, et al., 210 DPR 384, 396 (2022) y otros. Al considerar este tipo de escrito, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. *Id.* Así, una demanda será desestimada solo si surge que esta carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo

cualesquiera de los hechos que se puedan probar. Entiéndase pues, que los tribunales evaluarán "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida". Blasinno Alvarado v. Reyes Blassino, *supra*, al mencionar a Cruz Pérez v. Roldán Rodríguez, et al., 206 DPR 261, 267 (2021); González Méndez v. Acción Social et al., 196 DPR 213 (2016), más citas omitidas.

III.

Por virtud de los argumentos que la doctora Ríos expone en su escrito, reclama ante nos que el foro primario erró al no desestimar la reclamación instada en su contra. Con tal propósito, expone que los hechos del caso de epígrafe ocurrieron el **7 de octubre de 2022**, y que la *Demanda* se presentó el **3 de septiembre de 2024,** cuando el término prescriptivo de un (1) año para hacerlo había prescrito. Plantea que, toda vez que no hubo ninguna reclamación extrajudicial dirigida a su persona, el plazo antes aludido nunca fue interrumpido. Así pues, señala que, conforme el derecho vigente hoy en día en nuestro ordenamiento jurídico, las reclamaciones extrajudiciales emitidas por los recurridos en el caso no tuvieron efecto interruptor en cuanto a la causa en su contra. Ello así, pues conforme se resolvió en Fraguada Bonilla v. Hosp. Aux. Mutuo, *supra,* cuando coinciden varios cocausantes del daño en una causa de acción por relación civil extracontractual, debe interrumpirse la prescripción para cada uno de estos por separados.

De igual forma, la Doctora Ríos expone que los hechos particulares del caso demuestran que el señor Seda conocía el daño sufrido desde al menos el 5 de septiembre de 2023, fecha en que remitió reclamación judicial al Hospital La Concepción y al Dr. Maloff. No obstante, pese a ello no se emitió una reclamación extrajudicial dirigida a ella. En consecuencia, nunca

se interrumpió el plazo para acudir al tribunal en su contra en resarcimiento de dicho perjuicio y sí procedía la desestimación solicitada.

La parte recurrida, por su parte, en defensa de la decisión recurrida reclama que, **a pesar de que conocía su identidad como médico suplido por el Hospital para atender al señor Seda**, no fue hasta que recibió el informe pericial el 25 de agosto de 2024, que obtuvo información relativa a los actos u omisiones negligentes específicos por parte de la doctora Ríos. Particularmente, reitera que, sin dicho informe pericial no se podía presentar una reclamación judicial. Afirmativamente, esboza también que la reclamación extrajudicial cursada el 5 de septiembre de 2023 al doctor Maloff, al Hospital y a la aseguradora Chubb, ocurrió debido a que la prueba científica disponible en ese momento apuntaba a la impericia médica de estos y que no es hasta que se emite el informe pericial que conoció el daño que la Doctora Ríos le causó. Según la parte recurrida, es desde ese momento que el plazo para reclamar contra la Doctora Ríos comenzó a transcurrir.[7]

Recurriéndose de la denegatoria de una moción de carácter dispositivo, estamos facultados, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, para revisar esta determinación mediante un recurso de *Certiorari*. Mediante la misma, el foro primario concluyó que "sería una afrenta al debido proceso de Ley que se pretenda imputarle al demandante que el término prescriptivo para incoar la acción en daños comienza a correr desde el momento en que se realiza el mal diagnóstico." Según el TPI, lo anterior "equivaldría a imputarle al demandante la pericia

---

[7] En adición, la parte recurrida reclama que la interrupción oportuna en contra del Hospital y South West tuvo el efecto de interrumpir el término en contra de la Doctora Ríos. Toda vez que la determinación recurrida no descansó en esta teoría y dado que conforme arriba citamos al mencionar a <u>Maldonado Rivera v. Suárez y otros,</u> *supra*, quien tenga una causa de acción por daños y perjuicios, deberá interrumpir la prescripción en relación con cada uno de los causantes del daño por separado, nada dispondremos con relación a estos argumentos.

necesaria para evaluar las ejecutorias de un médico de profesión el cual posee conocimiento especializado en medicina." [8]

Así pues, y bajo este análisis, el foro primario ultimó que, en el presente caso, el señor Seda no pudo haber descubierto desde el momento de la ocurrencia de la alegada negligencia medico hospitalaria, quién le causó el daño "aún obrando de forma más diligente en su reclamación."[9] Acto seguido, el TPI concluyó que aún si se aplicara rigurosamente nuestro ordenamiento jurídico, el señor Seda fue diligente y presentó la demanda contra la Doctora Ríos "dentro del año siguiente a conocer que esta es uno de los médicos que alegadamente se apartó de la buena práctica de la medicina y le causó cuantiosos daños.[10]"          Este análisis nos parece incorrecto.

Según dijimos, la teoría cognoscitiva del daño establece que el término prescriptivo en una acción de daños y perjuicios como la de epígrafe comenzará a transcurrir desde que el perjudicado conoció **o debió conocer** que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción. En el presente caso, no hay controversia alguna de que la doctora Ríos atendió al señor Seda en la noche **del 7 de octubre de 2022** en la sala de emergencias del Hospital La Concepción. Las propias manifestaciones de la parte recurrida nos permiten apreciar que esta conocía desde ese instante la identidad de la Doctora y su posible intervención en la gama de acontecimientos que ocasionaron la presentación de la *Demanda*.

A la fecha del 5 de septiembre de 2023, día en que remitió la reclamación extrajudicial al doctor Maloff, el Hospital y Chubb la parte recurrida **conocía que había sufrido un daño**. **También tenía conocimiento de los facultativos médicos que intervinieron con él,**

---

[8] *Resolución*, Entrada 64, página 10.
[9] *Íd.*
[10] *Íd.*

**Doctora Ríos incluida.** De hecho, así lo admitió en la oposición a la desestimación. Más aún, de la carta de reclamación extrajudicial cursada al doctor Maloff, el Hospital y Chubb surge que el señor Seda sabía que fue atendido por la doctora Ríos, quién ordenó laboratorios, placa de pecho y medicamentos para el dolor. El mero hecho de que a dicha fecha desconociera en términos médicos la negligencia u omisión específica de la peticionaria, no le relevaba de ser diligente en la protección de cualquier posible reclamo disponible. Al contrario, debió ser diligente y reclamar extrajudicialmente frente a todas las personas que habían intervenido con él desde que arribó al Hospital el 7 de octubre de 2022 y asegurarse así de mantener viva cualquier posible causa de acción. Nótese que en nuestro ordenamiento jurídico no se exige tener evidencia científica al momento de efectuar una reclamación extrajudicial. Nos parece que no existía ninguna circunstancia que le impidiera a la parte recurrida interrumpir el término prescriptivo en contra de la peticionaria, a quien nunca le dirigió una reclamación extrajudicial. En consecuencia, a la presentación de la *Demanda* de epígrafe tal causa de acción había prescrito.

En virtud de lo antes consignado, resolvemos que el error señalado por la doctora Ríos en su recurso fue cometido. Por consiguiente, expedimos el auto, revocamos la *Resolución* recurrida y desestimamos la causa de acción de epígrafe sometida por la parte recurrida contra la doctora Ríos.

IV.

Por los fundamentos que a continuación esbozamos, expedimos el auto de *certiorari* y **revocamos** la determinación impugnada. En consecuencia, se desestima la demanda contra la Dra. Vianca Enid Ríos Muñoz. También, se ordena el desglose de la *Réplica a Moción en Cumplimiento de Orden* presentada el 27 de junio de 2025 por Southwest Emergency, Corp.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones